DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"1) O.R.C. Section 2950.09(C) is unconstitutional.
 "2) The Trial Court erred in finding the Defendant to be a sexual predator as the evidence did not support the finding by clear and convincing evidence.
 "3) The Trial Court erred in admitting as evidence the Pre-sentence Investigation report from August 24, 1989 as it was not reliable, did not reflect the Defendant's current situation and status, and contained inadmissible hearsay upon hearsay, and statements from a Probation Officer that required psychological/psychiatric expertise to be admissible."
The facts that are relevant to the issues raised on appeal are as follows. On May 8, 1989, appellant was found guilty of attempted rape in violation of R.C. 2923.02 and 2907.02. Appellant was ordered to serve an indeterminate sentence of a minimum of eight years of actual incarceration to a maximum of fifteen years. On April 30, 1999, a hearing was held pursuant to R.C. 2950.09(C)(2) following a recommendation by the Ohio Bureau of Rehabilitation and Corrections that appellant be adjudicated a sexual predator. The only evidence presented by the state was appellant's original presentence investigation report dated August 24, 1989, which was admitted over appellant's objection. Appellant presented two exhibits, one being a letter indicating current participation in a substance abuse recovery program and the other being a letter from his mother in which she stated, without providing details, that if appellant were released he would have a place to live and a job. On May 4, 1999, the trial court filed its judgment entry in which it found appellant to be a sexual predator.
In his first assignment of error, appellant asserts that R.C. 2950.09(C) is unconstitutional. Appellant does not support this assignment of error with any specific argument. The Supreme Court of Ohio recently has addressed challenges to the constitutionality of R.C. 2950, Ohio's sex offender registration statute. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio held that R.C. 2950 is not a violation of either the Ex Post Facto Clause of the United States Constitution as applied to conduct prior to the effective date of the statute, or the Retroactivity Clause of the Ohio Constitution. In State v.Williams (2000), 88 Ohio St.3d ___, the Supreme Court of Ohio held that R.C. 2950 does not violate the rights enumerated in Section 1, Article I, of the Ohio Constitution and, further, does not violate the rights guaranteed by the Double Jeopardy, Bill of Attainder and Equal Protection Clauses of the United States and Ohio Constitutions. Based on the foregoing, this court finds appellant's first assignment of error not well-taken.
In his second assignment of error, appellant asserts that the trial court's finding that he is a sexual predator was not supported by clear and convincing evidence. This argument is clearly without merit.
Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual misconduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. at 477.
The record in the case before us clearly supports the trial court's finding that appellant is a sexual predator. The trial court indicated in its judgment entry that it had considered the presentence investigation report and the judgment entry of conviction, as well as the two letters submitted by appellant. The trial court also took note of the following in making its determination: that appellant was twenty-five years old at the time of the offense; his criminal record included a conviction for abduction, which arose from initial charges of kidnaping and rape committed while armed with a knife and upon a threat of violence if the victim did not comply; that appellant committed the offense in this case while he was released on probation for the abduction offense; appellant disclosed a history of alcohol and drug abuse, for which he had never sought treatment as of the time of sentencing; the age of the victim in this case was unknown; and while committing the offense in this case, appellant displayed a knife and placed a rope of shoelaces around the victim's neck, telling her that if she did not cooperate he would cut her throat and harm her son, who was sleeping in the next room.
Upon consideration of the foregoing, this court finds that the trial court had before it clear and convincing evidence that appellant is a sexual predator, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(E). Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by admitting as evidence the presentence investigation report from 1989. Appellant argues that the report was not reliable, did not reflect his current situation and contained inadmissible hearsay, as well as statements from a probation officer that required confirmation from a mental health professional in order to be admissible.
The Supreme Court of Ohio addressed the issue of the admissibility of presentence investigation reports which contain hearsay in Statev. Cook, supra. In Cook, the court determined that Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from miscellaneous criminal proceedings. Cook at 425. Cook
reasoned that a sexual predator classification hearing is similar to sentencing and probation hearings, which are among those to which the Rules of Evidence do not strictly apply. Id. Cook held that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings and thus, reliable hearsay, such as presentence investigation reports, may be relied upon by the trial judge. Id.
As to appellant's reference to opinions of the probation officer which required expert testimony, we note that appellant has failed to provide citations to the record to indicate where such error might be reflected and, accordingly, we find this argument without merit. See App.R. 16(A)(3). Appellant also contends that the trial court should not have admitted the presentence investigation report because it does not reflect his "current situation and status" since it was prepared in 1989. We note, however, that the age of the report is a factor that would go to its credibility, not to its admissibility, and we have already determined that the report was admissible pursuant toCook, supra.
Upon consideration of the foregoing, this court finds that the trial court did not err by considering appellant's presentence investigation report as part of the sexual predator classification hearing. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 PETER M. HANDWORK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.